820 F.2d 1224
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHRYSLER CORPORATION, Plaintiff-Appellee,
v.
FIRST NATIONAL BANK OF LOUISVILLE, Defendant-Appellant.
 No. 86-5684.
 United States Court of Appeals, Sixth Circuit.
 June 24, 1987.
 
 Before JONES and RYAN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, First National Bank of Louisville, appeals the district court's grant of summary judgment in favor of plaintiff, Chrysler Corporation, in its action for payments due under a "cash draft authorization letter." For the reasons stated by the learned district court judge in his well-reasoned opinion, which is attached and which we approve and adopt, we affirm.
 
 UNITED STATES DISTRICT COURT
 WESTERN DISTRICT OF KENTUCKY
 LOUISVILLE
 CIVIL ACTION NO. C 81-0389 L(S)
 
 2
 CHRYSLER CORPORATION, PLAINTIFF,
 
 VS:
 
 3
 FIRST NATIONAL BANK OF LOUISVILLE, ET AL., DEFENDANTS.
 
 ORDER
 
 4
 This case is before the Court on plaintiff's motions for summary judgment against all defendants. For the reasons stated herein, the motions must be granted and the case must be dismissed.
 
 
 5
 Plaintiff moves for summary judgment against defendant, First National Bank of Louisville, on the language of the agreement which states that "[i]n the event of termination of this authorization ... Bank agrees to honor and pay upon presentation thereof all drafts covering vehicles sold, delivered or shipped to manufacturer prior to such effective day,, whether or not payment for said vehicles is then due and payable." First National terminated the agreement on December 6, 1979, and Chrysler presented 12 drafts pursuant to the agreement. First National dishonored all 12 drafts on the grounds that they did not comply with the agreement's terms. However, First National has pointed out absolutely no distinction other than the date presented, between the drafts honored before termination and those dishonored afterwards. Indeed, both sets of drafts are identical in their components. Obviously, no issue exists on whether the dishonored drafts comply with the agreement because of the prior construction the parties placed on the adequacy of the honored drafts. A.L. Pickens Co., Inc. v. Youngstown Sheet & Tube Co., 650 F.2d 118, 120 (6th Cir.1981).
 
 
 6
 Plaintiff moves for summary judgment against Charles and Paul Fetter on the language of the guaranty. The document is titled "Continuing Guaranty" and indicates that it covers "Dodge vehicle chassis, wagons and/or vans." The main body of the guaranty states as follows: "Guarantor agrees that this is to be a continuing guaranty.... Guarantor further agrees that this guaranty shall not be abrogated or affected in any manner by any change ... in Debtor's organization or method of doing business, or by any change from any cause whatsoever...." In response, the defendants have stated no facts indicating that the guaranty is invalid, and extrinsic evidence is not admissible to vary its terms because the language is not reasonably subject to more than one interpretation. A.L. Pickens at 120. The plain language of the document states that it was to continue regardless of changes.
 
 IT IS HEREBY ORDERED AS FOLLOWS:
 
 7
 1. Plaintiff's motion for summary judgment against defendant, First National Bank of Louisville, be and is granted.
 
 
 8
 2. Plaintiff's motion for summary judgment against defendants, Charles D. Fetter and Paul L. Fetter, be and is granted.
 
 
 9
 3. Plaintiff shall tender a proposed judgment to the Court.
 
 
 10
 4. This case is removed from the trial docket. This 1 day of May, 1985.
 
 
 11
 /s/EUGENE E. SILER, JR.
 
 Judge